IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NATURES POINT HOMEOWNERS ASSOCIATION, INC., | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:18-cv-942-WSD-JKL |
| KEISHA JONES, | |
| Defendant. | |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Keisha Jones's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state action to this Court. [Doc. 1.]  After considering Jones's application, I **GRANT** the request to proceed IFP pursuant to 28 U.S.C. § 1915(a) for the limited purpose of remand.  Because this Court does not have subject matter jurisdiction over the removal action, I further **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Douglas County.

Plaintiff does not attach any of the original pleadings in the underlying action to her removal papers.  Nevertheless, it is clear that the underlying action by

Plaintiff Natures Point Homeowners Association, Inc. ("Natures Point") was filed sometime in 2016. [*See* Doc. 1-1 at 3-4.] Indeed, by January 4, 2018, Natures Point had filed a motion for contempt against Jones for failing to comply with an order of the Douglas County Superior Court, and the court had set a show cause hearing for February 28, 2018. [Doc 1-1 at 4.]

In the notice of removal, Jones fails to explain the basis for removal jurisdiction, stating only that the case involves "trepass on rigts (sic)." [*See* Doc. 1-1 at 1-2; *see also* Doc. 1-2 at 1-2.] Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state action between a homeowner and her homeowners association apparently involving trespass on property and/or the associations restrictive covenants that does not appear to contain any federal claim.[1] [*See* Docs. 1-1, 1-2.] Thus, removal based

---

[1] The standard to invoke federal question jurisdiction is not stringent, but requires more than a mere incantation of the existence of jurisdiction. *See Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010). The mere citation to a federal statute under which a purported claim was brought—which Jones has not even done here—is insufficient to invoke jurisdiction. *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002) (cited with approval in *Kraus-Anderson Const.*). The removal papers

on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Jones wishes to raise counterclaims based on federal statutes, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Additionally, it is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). Natures Point and Defendants are all Georgia citizens. [*See* Doc. 1-2 at 1.] They are therefore not diverse for jurisdictional purposes. 28 U.S.C. § 1441(b)(2); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (removing party bears the burden of establishing that the parties are diverse).

---

must say "enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." *Kraus-Anderson Const.*, 607 F.3d at 1275-76 (citing Gardner, 294 F.3d at 994). In this case, Jones has not created any reasonable likelihood that federal question jurisdiction exists, and therefore cannot meet her burden for removal.

Finally, under 28 U.S.C. § 1446(b), a civil action must be removed within 30 days after the receipt by the defendant of a copy of the "initial pleading" on which removal is based. 28 U.S.C. § 1446(b)(1). Separately from the jurisdictional reasons discussed above, the Court may *sua sponte* remand on timeliness grounds within 30 days of removal. *See In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 1407, 1410-11 (11th Cir. 1997). The "initial pleading" in this case was served upon Jones well over 30 days prior to her attempted removal. [*See* Doc. 1-1 at 3-4]. Therefore, the case should separately be remanded as untimely.

In sum, the Court **GRANTS** Defendant Jones's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that this Court lacks subject matter jurisdiction over the removal action and that the removal itself was untimely, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Douglas County.

IT IS SO ORDERED AND RECOMMENDED this 6th day of March, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge