# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| NATURES POINT HOMEOWNERS ASSOCIATION, INC., <br><br>    **Plaintiff,**<br><br> v.<br><br>KEISHA JONES,<br><br>    **Defendant.** | 1:18-cv-942-WSD |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [3] ("Final R&R") recommending that this action be remanded to the Magistrate Court of Douglas County. Also before the Court is Defendant Keisha Jones's ("Defendant") Application to Appeal In Forma Pauperis [7] ("IFP Application") and Motion to Intervene with an Injunction [11] ("Motion for Injunction").

## I. BACKGROUND

On March 6, 2018, Defendant filed a Notice of Removal [2]. Defendant did not attach any of the original pleadings in the underlying action to her removal papers. The underlying action appears to have been filed by Plaintiff Natures Point

Homeowners Association, Inc. ("Natures Point") sometime in 2016. ([1.1] at 3-4). By January 4, 2018, Natures Point had filed a motion for contempt against Jones for failing to comply with an order of the Douglas County Superior Court, and the court had set a show cause hearing for February 28, 2018. ([1.1] at 4).

On March 6, 2018, the Magistrate Judge issued his Final R&R concluding that this Court does not have subject matter jurisdiction over the removal action and recommending that this case be remanded to the Magistrate Court of Douglas County. (See generally [3]). On March 20, 2018, Defendant filed her Affidavit of Fact and Response to Final Report and Recommendation [5] ("Objections") asserting vague, general objections regarding the Court's jurisdiction over her and claiming that statutes and codes do not apply to her.

On March 27, 2018, Defendant filed her IFP Appeal [7]. Shortly thereafter, on March 30, 2018, Defendant filed her *pro se* Motion for Injunction apparently seeking a "notice of estoppel and stipulation of constitutional challenge to all Georgia state statutes and permanent injunction against Georgia state municipalities bringing claims against" her. ([11] at 5).

## II. LEGAL STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Eleventh Circuit has held that "[i]t is critical that [any] objection[s] be sufficiently specific and not a general objection to the report." Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006). "[T]o challenge the findings and recommendations of the magistrate [judge], a party must . . . file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

Although Defendant filed Objections to the Final R&R, the Court finds that, even when liberally construed, Defendant fails to state any specific objection to the findings and recommendations of the Magistrate Judge or how those findings are factually or legally incorrect. The Court therefore conducts a review for plain error.

## III. DISCUSSION

### A. The Final R&R

The Magistrate Judge found that "the underlying case is a state action between a homeowner and her homeowners association apparently involving trespass on property and/or the association's restrictive covenants that does to appear to contain any federal claim and removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. ([3] at 2-3). The Magistrate Judge also concluded there is no diversity jurisdiction under 28 U.S.C. § 1332(a) because Natures Point and Defendant are both Georgia citizens. ([3] at 3, citing [1.2] at 1). The Magistrate Judge further concluded that removal was untimely because the action was not removed within 30 days after the receipt by the defendant of a copy of the "initial pleading" on which removal is based. ([3] at 3, citing 28 U.S.C. § 1446(b)). The Magistrate Judge recommended that this case be remanded to the Magistrate Court of Douglas County.

The Court finds no plain error in the Magistrate Judge's findings and recommendation. The action is remanded to the Magistrate Court of Douglas County.

B. <u>Defendant's Motion for Injunction</u>

Because the Court remanded this action for lack of subject matter jurisdiction, Defendant's Motion for Injunction is denied as moot.

C. <u>Defendant's IFP Appeal</u>

It appears Defendant seeks to appeal *in forma pauperis* the Court's decision adopting the Final R&R and dismissing this action without prejudice.[1] Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 provides, in pertinent part:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

---

[1] Although Defendant's IFP Appeal was filed prematurely since the Court had not yet ruled on the Final R&R at the time Defendant filed the IFP Appeal, the Court will consider the IFP Appeal now as if Defendant had filed it following the issuance of this Order.

> . . .
>
> (3) An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.
> 28 U.S.C. § 1915 (a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (1) [A] party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> Fed. R. App. P. 24(a)(1).

Two requirements must be satisfied for a party to prosecute an appeal IFP. First, the party must show an inability to pay. Second, the appeal must be brought in good faith. An appeal may not be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See <u>Coppedge v.</u>

United States, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal IFP must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit ... does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a)motion."); Martin

v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith." (citations omitted)).

Here, Defendant states that "[m]y issues on appeal are: Denial of access to the courts, no due process and color of law was being used." ([7] at 1). Defendant's appeal is not taken in good faith. As with her Objections to the Final R&R, Defendant's statement of issues for appeal is vague, conclusory, and fails to identify any basis for asserting this Court has jurisdiction to hear this action. Defendant's appeal is frivolous. The Court therefore denies the IFP Appeal.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Magistrate Court of Douglas County.

**IT IS FURTHER ORDERED** that Defendant's Application to Appeal In Forma Pauperis [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Intervene with an Injunction [11] is **DENIED AS MOOT**.

**SO ORDERED** this 11th day of April, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE